PEREMPTORY ORDER
PLOTKIN, Judge.
On February 8, 1990, a jury returned a special verdict in favor of plaintiff Leslie Legaspi and against defendant New Orleans Public Service Inc. (NOPSI) in the amount of $656,000. Although the plaintiffs motion to make the verdict the judgment of the court was granted that day, no written judgment was signed until March 14,1990. In addition to the $656,000 award to the plaintiff, the written judgment set costs and expert witness fees. The notice of judgment subsequently mailed to NOPSI was dated March 29; the envelope was post-marked March 30.
On April 24, 1990, the plaintiff requested issuance of a writ of fieri facias and filed a petition for garnishment with attached interrogatories directed toward Hibernia National Bank. When those pleadings were served upon NOPSI’s attorney of record, NOPSI immediately filed a “Motion and Order to Recall Writ of Attachment/Seizure,” alleging that the writ was premature because the delays for filing a suspen-sive appeal had not expired. The trial *1002 court heard the motion that day, April 24, and issued an order temporarily dissolving and recalling the seizure and setting a full evidentiary hearing for May 11, 1990. Plaintiff sought writs in this court, claiming that the order dissolving and recalling the seizure was improper.
Under the provisions of La.C.C.P. art. 2252, a judgment creditor is prohibited from executing a judgment until “after the delay for a suspensive appeal therefrom has elapsed.” Thus, determination of whether the writ and attachment/seizure were properly issued in this case depends solely on determination of when the delays for filing a motion for new trial and sus-pensive appeal expired. The plaintiff claims that the delay period began to run the day after the judgment was signed on March 14; defendant claims they began to run on the day the notice of the signing of the judgment was mailed on March 29. If the delays began to run on March 14, they expired on April 23 and plaintiffs writ and attachment/seizure were proper on April 24. If they began to run on March 29, the delays would not expire until May 9 and plaintiffs writ and attachment/seizure was premature when it was filed on April 24. The following Louisiana Code of Civil Procedure articles control:
Art. 2123 Delay for taking suspensive appeal
A. Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
[[Image here]]
Art. 1974 Delay for applying for new trial
The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913. Art. 1913 Notice of judgment
[[Image here]]
Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court for the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.
If, at the conclusion of a trial a case is not taken under advisement but the court does not sign a judgment at the time, a party may make a request of record for notice of the date when the judgment was signed; and when such a request is made, the clerk shall mail such notice to the party requesting it or to his counsel of record.
[[Image here]]
Art. 1916 Jury cases; signature of judgment by the court
When a case has been tried by a jury, the following rules shall apply as to a judgment rendered on the verdict;
[[Image here]]
(1) When the jury returns a general verdict, the judge shall sign a judgment in accordance therewith within three days exclusive of holidays from the date of the verdict.
(2) When the jury returns a special verdict, the judge must sign a judgment in accordance therewith, but he shall have the same time for deliberating before signing the judgment as in cases tried without a jury.
[[Image here]]
Reading the above articles in para mate-ria, the following rules emerge: The delays for filing a motion for new trial and/or a suspensive appeal begin to run on the day after a judgment is signed, unless the losing party is entitled to a mailing of a notice *1003 of the signing of the judgment under La.C.C.P. art. 1913. Generally, the opposing party is entitled to a notice only when the case is taken under advisement or when he specifically requests a notice.
The plaintiff’s contention that the delays began to run the day after the judgment was signed is based upon her theory that the defendant was not entitled to mailing of notice of the signing of the judgment because the case was not under advisement and because there was no request for notice as per article 1913. The plaintiff claims that since the trial court granted her motion to make the jury verdict the judgment of the court on February 8, the second paragraph of La.C.C.P. art. 1913 controls.
The defendant’s theory that the delays should not have began to run until the mailing of the notice of the signing of the judgment is premised on its contention that the first paragraph of La.C.C.P. art. 1913, which requires a mailing of a notice of the signing of the judgment when a case is taken under advisement, controls. The defendant claims that because the judgment was not signed for more than a month and because it awarded expert witness fees which the jury verdict did not, the case was under advisement, necessitating the mailing of a notice of the signing of the judgment. Hence, the suspensive appeal delay period did not commence until the notice was mailed. For the following reasons, we agree.
Under the provisions of La.C.C.P. art. 1916, when a jury returns a special verdict there is no time limit governing when the trial judge must render a written judgment. The reason for that rule is the fact that the judge is given a period of time to “deliberate” the judgment. The word “advisement,” used in the second paragraph of art. 1913, is defined by Black’s Law Dictionary as follows: “Consideration; deliberation; consultation. The consultation of a court, after the argument of a cause by counsel, and before delivering their opinion.” Thus, when a judge is given a period of time within which to “deliberate,” the matter essentially has been taken under advisement and the delay period should be calculated in a manner consistent with that fact.
The importance of treating cases in which a special verdict is involved under the rules governing cases taken under advisement is obvious when the difference between the provisions of La.C.C.P. art. 1916(1) and 1916(2) is considered. Under the provisions of La.C.C.P. art. 1916(1), when a jury returns a general verdict, the trial court is required to sign a written judgment within three days. Thus, the parties have a very short “window” within which they can expect a judgment from the court and the burden to check the record for the signed judgment can reasonably be placed on the parties. However, when a special verdict is involved, as in the instant case, the window is indefinite. The burden to check the record for a signed judgment for an indefinite period of time cannot reasonably be placed on the parties.
This is especially true under the facts and circumstances of the instant ease. Both parties agree that the plaintiff was given the responsibility of preparing the judgment for the trial judge’s signature. The plaintiff chose to wait more than a month before presenting the prepared judgment to the trial judge. Thereafter, another two weeks passed before the notice of the signing of judgment was mailed to the defendant. Under the plaintiff’s theory of the case, the delay period for filing a motion for new trial had expired before the notice of the signing of the judgment was even mailed to the defendant. Besides being inconsistent with the provision of La.C.C.P. art. 1916(2), as explained above, such a strict interpretation of La.C.C.P. art. 1913 as advanced by the plaintiff would result in gross inequities and loss of rights by the party cast in judgment.
A comparison of the jury verdict with the written judgment in the instant case provides a second reason for our holding that the instant case was taken under advisement. Under the relevant jurisprudence, when an oral judgment differs significantly from a subsequent written judgment, the case has been taken under ad *1004 visement because the trial judge obviously “deliberated” after the oral judgment was pronounced. See Margan v. Precision Motors, Inc., 317 So.2d 664 (La.App. 4th Cir.1975); Hamiter v. Hamiter, 414 So.2d 1379 (La.App.2d Cir. 1982). In the instant case, the expert witness fees and other costs were not set by the court during the oral judgment, but were addressed in the written judgment. For that reason also, we find that this ease was taken under advisement for purposes of calculation of the delay period for filing a motion for new trial and/or suspensive appeal. Thus, the plaintiff’s writ and attachment/seizure filed on April 24 were premature.
For the above and foregoing reasons, the trial court’s order temporarily dissolving and recalling the attachment/seizure and setting the matter for contradictory hearing on May 11 is set aside. It is ordered that the writ and the attachment/seizure are permanently dissolved and recalled; therefore, no contradictory hearing is necessary. The defendant is given an additional three days for filing a suspensive appeal to compensate for the period this writ application was before this court. The defendant’s delays for filing a suspensive appeal will thus expire on May 12. The intervention filed by Sheriff Paul Valteau is denied. The right to assert his claim for fees or a commission in the trial court is reserved. All costs of this writ application are taxed to the plaintiff.